Law Offices of Vincent S. Wong
Vincent S. Wong. Esq.
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
AN GAO,

                                  Plaintiffs,

                  v.

NEW MULAN LLC,
WEI YU a/k/a WENDY YU,
JONATHAN WANG a/k/a YUAN HANG WANG,
and QUN YAO

                                  Defendants.
-------------------------------------------------------------x

Civil Action No.

**COMPLAINT**

Plaintiff, An Gao, by his undersigned attorneys, the Law Offices of Vincent S. Wong, complaining of defendants hereby states:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action against the defendants Plaintiff brings this action against the defendants NEW MULAN LLC, WEI YU a/k/a WENDY YU, JONATHAN WANG a/k/a YUAN HANG WANG and QUN YAO, (hereinafter, collectively, "Defendants") to recover damages, he is: (i) entitled to unpaid wages from Defendants for work performed for which they received no compensation at all or less compensation then required by minimum wage law; (ii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) liquidated damages, declaratory relief, costs, interest and attorney fees pursuant to the FLSA (29 U.S.C. §§201 et seq.) and NYLL (New York Labor Law §§ 650 et seq. and other

appropriate rules, regulations, statutes and ordinance governing minimum and overtime wages, spread of hours, and notices and statements of rates of pay).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

3. This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

4. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York, and the events complained of occurred in New York.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

6. Plaintiff AN GAO ("GAO") is an individual resident of the City and State of New York, with a residence located in Queens.

7. Upon information and belief NEW MULAN LLC ("NEW MULAN") is a New York domestic corporation located at 136-17 39th Avenue, 2nd Floor, Flushing, NY 11354.

8. At relevant times, Defendant NEW MULAN has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all relevant times, Defendant NEW MULAN has had gross revenues in excess of $500,000.00.

10. Upon information and belief, at relevant times herein, Defendant NEW MULAN has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

11. Upon information and belief, at relevant times, Defendant NEW MULAN has constituted an "enterprise" as defined in the FLSA.

12. Upon information and belief Defendant NEW MULAN was an employer of Plaintiff.

13. Upon information and belief Defendant WEI YU a/k/a WENDY YU ("YU") is an individual who is an owner or part owner, manager, and principal of Defendant NEW MULAN who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14. Upon information and belief, Defendant YU was involved in the day-to-day operations of Defendant NEW MULAN and played an active role in managing the business.

15. Upon information and belief Defendant JONATHAN WANG a/k/a YUAN HANG WANG ("WANG") is an individual who is an owner or part owner, manager, and principal of Defendant NEW MULAN who has the power to hire and fire employees, set wages and schedules, and maintain their records.

16. Upon information and belief, Defendant WANG was involved in the day-to-day operations of Defendant NEW MULAN and played an active role in managing the business.

17. Upon information and belief Defendant QUN YAO ("YAO") is an individual who is an owner or part owner, manager, and principal of Defendant NEW MULAN who has the power to hire and fire employees, set wages and schedules, and maintain their records.

18. Upon information and belief, Defendant YAO was involved in the day-to-day operations of Defendant NEW MULAN and played an active role in managing the business.

19. Defendants are employers within the meaning of the FLSA and New York Labor Law.

20. Upon information and belief that Defendants have had continuous, regular, and systematic contact in/with the State of New York.

## STATEMENT OF FACTS

21. Defendant NEW MULAN runs a Chinese food restaurant.

22. Plaintiff was employed primarily as a waiter for Defendants.

23. Plaintiff's work mainly consisted of taking orders, cleaning tables, setting up tables, servicing food, and other duties as needed for servicing customers for the restaurant.

24. Plaintiff's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities

25. Plaintiff was employed by Defendants from approximately May 08, 2017, to September 05, 2024.

26. Plaintiff was normally scheduled to work 6 days per week, with Mondays off.

27. On Tuesdays, Wednesdays, Thursdays, and Fridays, Plaintiff worked from 11:30 a.m. to 11:30 p.m. and on Saturdays and Sundays Plaintiff worked from 11:00 a.m. to 11:30 p.m.

28. Plaintiff often worked later than scheduled, due to extra time needed to clean tables and to perform additional responsibilities at the end of the day.

29. Plaintiff was provided de minimis breaks when he worked.

30. Plaintiff was paid fixed amount per month, regardless of the hours worked each week or month.

31. Plaintiff was paid approximately $100 per day, being paid once per two weeks.

32. Plaintiff was paid in checks.

33. In addition to his pay, Plaintiff generally received tips for his work.

34. However, Defendants never provided Plaintiff with any notices or information regarding "tip credit."

35. Upon information and belief Defendants did not keep records of the tips received by Plaintiff.

36. Defendants did not pay Plaintiff minimum wage, overtime compensation, and spread of hours compensation required by both the Fair Labor Standards Act and New York Labor Law.

37. Defendants' failure to pay Plaintiff an amount at least equal to the Federal or New York State minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

38. In addition, Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

39. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

40. Defendants did not provide Plaintiff with proper wage stubs of hiring statements as required by law.

41. Defendants failed to provide Plaintiff with written notices providing the information required by the Wage Theft Prevention Act – including, inter alia Defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed

to obtain his signatures acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

42. Defendants failed to provide Plaintiff with weekly records of his regular and overtime compensation and hours worked, in violation of the Wage Theft Prevention Act.

43. Upon information and belief, while Defendants employed Plaintiff, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

44. Upon information and belief Defendants generated fake wage documents, but these documents did not accurately reflect the hours worked by Plaintiff during the time periods reflected in said fake wage documents.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

45. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

46. At all relevant times, defendants employed Plaintiff within the meaning of the FLSA.

47. Defendants failed to pay a salary greater than the minimum wage to Plaintiff for all hours worked.

48. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

49. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

50. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

51. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

52. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

53. Defendants willfully violated Plaintiff's rights by failing to pay his compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

54. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

55. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

56. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

57. At all relevant times, defendants employed Plaintiff within the meaning of the FLSA.

58. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for hours he worked in excess of forty hours per workweek.

59. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

60. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

61. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

62. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

63. At all relevant times, Plaintiff was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

64. Defendants willfully violated Plaintiff's rights by failing to pay his overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

65. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

66. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of

the action, pursuant to New York Labor Law § 198, and §663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

67. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

68. At all relevant times, Plaintiff was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

69. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked more than ten hours, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

70. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

71. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

### (New York Labor Law – Wage Theft Prevention Act)

72. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

73. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

74. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

75. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

76. Due to Defendants' New York Labor Law violations relating to the failure to provide compliant, accurate paystubs, Plaintiff is entitled to recover from the Defendants statutory damages, up to the maximum statutory damages.

77. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from the Defendants statutory damages up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demand a judgment be granted for the following relief:

a. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

b. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

c. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

d. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

e. Liquidated damages for defendants' New York Labor Law violations;

f. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

g. Back pay;

h. Punitive damages;

i. An award of prejudgment and post judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other, further, and different relief as this Court deems just and proper.

Dated: New York, NY
       November 25, 2025

                        Respectfully submitted,

                        /s/Vincent S. Wong
                        Vincent S. Wong, Esq. (VW9016)